IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| SEMCRUDE, L.P., *et al.*, | ) | Case No. 08-11525 (BLS) |
|  | ) | Jointly Administered |
| Debtors. | ) |  |
| --------------------------------------------------- | ) |  |
| ANSTINE & MUSGROVE, INC.; | ) |  |
| BLAKE EXPLORATION, LLC; | ) |  |
| CALVIN NOAH,  D/B/A CALVIN | ) |  |
| NOAH OIL COMPANY; CENTRAL | ) |  |
| OPERATING, INC.; CLARK | ) |  |
| EXPLORATION COMPANY; CMX, | ) |  |
| INC.; CORAL COAST PETROLEUM, | ) |  |
| LC; DAVIS PETROLEUM, INC.; | ) |  |
| DAYSTAR PETROLEUM, INC.; D.E. | ) |  |
| EXPLORATION, INC.; DK | ) |  |
| OPERATING, INC.; DOUBLE EAGLE | ) |  |
| EXPLORATION, INC.; DRILLERS & | ) |  |
| PRODUCERS, INC.; DUNNE | ) |  |
| EQUITIES, INC.; GRA EX, LLC; | ) |  |
| GREAT PLAINS ENERGY, INC.; H I, | ) |  |
| INC.; HERMAN L. LOEB, LLC; | ) |  |
| HUTCHINSON OIL COMPANY; J & D | ) | Adversary Proceeding No. 10-51797 |
| INVESTMENTS, LLC; JACK | ) | (BLS) |
| EXPLORATION, INC.; KAHAN & | ) |  |
| ASSOCIATES, INC.; KLM | ) |  |
| EXPLORATION COMPANY, INC.; L & | ) |  |
| J OIL PROPERTIES, INC.; | ) |  |
| LANDMARK RESOURCES, INC.; LD | ) |  |
| DRILLING, INC.; MCCOY | ) |  |
| PETROLEUM CORPORATION; | ) |  |
| MCGINNESS OIL COMPANY OF | ) |  |
| KANSAS; MID-CONTINENT ENERGY | ) |  |
| CORPORATION; MOLITOR OIL, | ) |  |
| INC.; MULL DRILLING COMPANY, | ) |  |
| INC.; MURFIN DRILLING COMPANY, | ) |  |
| INC.; MUSGROVE ENERGY, INC.; | ) |  |
| OIL COMPANY OF AMERICA, INC.; | ) |  |
| OSBORN HEIRS COMPANY, LTD.; | ) |  |
| PICKRELL DRILLING COMPANY, | ) |  |
| INC.; PROLIFIC RESOURCES, LLC; | ) |  |
| RAMA OPERATING COMPANY, INC.; | ) |  |

RANDON PRODUCTION COMPANY, )
INC.; RED OAK ENERGY, INC.; )
RITCHIE EXPLORATION, INC.; ROSS )
HOENER, INC.; SEEKER, LLC; TGT )
PETROLEUM CORPORATION; )
THOROUGHBRED ASSOCIATES, )
LLC; THREE-D RESOURCES, INC.; )
VEENKER RESOURCES, INC.; VESS )
OIL CORPORATION; VIKING )
RESOURCES, INC.; VINCENT OIL )
CORPORATION; V.J.I. NATURAL )
RESOURCES, INC.; W.D. SHORT OIL )
COMPANY, LLC; WELLSTAR )
CORPORATION; WHITE )
EXPLORATION, INC.; WHITE PINE )
PETROLEUM CORPORATION, )
                                    )
        PLAINTIFFS,                 )
                                    )
V.                                  )
                                    )
J. ARON & COMPANY; BP OIL           )
SUPPLY COMPANY;                     )
CONOCOPHILLIPS COMPANY;             )
PLAINS MARKETING GP, INC.;          )
PLAINS MARKETING, LP,               )
                                    )
        DEFENDANTS.                 )
---------------------------------------------------------

Dallas 306887v3

## PLAINTIFFS' AMENDED PETITION

Plaintiffs Anstine & Musgrove, Inc.; Blake Exploration, LLC; Calvin Noah, d/b/a Calvin Noah Oil Company; Central Operating, Inc.; Clark Exploration Company; CMX, Inc.; Coral Coast Petroleum, LC; Davis Petroleum, Inc.; Daystar Petroleum, Inc.; D.E. Exploration, Inc.; DK Operating, Inc.; Double Eagle Exploration, Inc.; Drillers & Producers, Inc.; Dunne Equities, Inc.; GRA EX, LLC; Great Plains Energy, Inc.; H I, Inc.; Herman L. Loeb, LLC; Hutchinson Oil Company; J & D Investments, LLC; Jack Exploration, Inc.; Kahan & Associates, Inc.; KLM Exploration Company, Inc.; L & J Oil Properties, Inc.; Landmark Resources, Inc.; LD Drilling, Inc.; McCoy Petroleum Corporation; McGinness Oil Company of Kansas; Mid-Continent Energy Corporation; Molitor Oil, Inc.; Mull Drilling Company, Inc.; Murfin Drilling Company, Inc.; Musgrove Energy, Inc.; Oil Company of America, Inc.; Osborn Heirs Company, Ltd.; Pickrell Drilling Company, Inc.; Prolific Resources, LLC; RAMA Operating Company, Inc.; Randon Production Company, Inc.; Red Oak Energy, Inc.; Ritchie Exploration, Inc.; Ross Hoener, Inc.; Seeker, LLC; TGT Petroleum Corporation; Thoroughbred Associates, LLC; Three-D Resources, Inc.; Veenker Resources, Inc.; Vess Oil Corporation; Viking Resources, Inc.; Vincent Oil Corporation; V.J.I. Natural Resources, Inc.; W.D. Short Oil Company, LLC; Wellstar Corporation; White Exploration, Inc.; and White Pine Petroleum Corporation, (collectively, "Plaintiffs"), by and through their counsel, McKool Smith, P.C., for their causes of action against J. Aron & Company; BP Oil Supply Company; ConocoPhillips Company; Plains Marketing GP, Inc.; and Plains Marketing, LP (collectively, "Defendants"), allege and state as follows:

3

# I. PARTIES

1.     Plaintiff Anstine & Musgrove, Inc. is an Oklahoma corporation with its principal place of business in Oklahoma.

2.     Plaintiff Blake Exploration, LLC is a Kansas limited liability company with its principal place of business in Kansas.

3.     Plaintiff Calvin Noah, d/b/a Calvin Noah Oil Company, is a resident of the State of Kansas.  Plaintiff Calvin Noah, d/b/a Calvin Noah Oil Company, only brings claims against ConocoPhillips Company, Plains Marketing, LP and Plains Marketing GP, Inc., but not against J. Aron & Company and BP Oil Supply Company.

4.     Plaintiff Central Operating, Inc. is a Colorado corporation with its principal place of business in Colorado.

5.     Plaintiff Clark Exploration Company is a Colorado corporation with its principal place of business in Colorado.

6.     Plaintiff CMX, Inc. is a Kansas corporation with its principal place of business in Kansas.  Plaintiff CMX, Inc. only brings claims against ConocoPhillips Company, Plains Marketing, LP and Plains Marketing GP, Inc., but not against J. Aron & Company and BP Oil Supply Company.

7.     Plaintiff Coral Coast Petroleum, LC is a Kansas limited liability company with its principal place of business in Kansas.

8.     Plaintiff Davis Petroleum, Inc. is a Kansas corporation with its principal place of business in Kansas.  Plaintiff Davis Petroleum, Inc. only brings claims against ConocoPhillips Company, Plains Marketing, LP and Plains Marketing GP, Inc., but not against J. Aron & Company and BP Oil Supply Company.

4

9.     Plaintiff Daystar Petroleum, Inc. is a Kansas corporation with its principal place of business in Kansas. Plaintiff Daystar Petroleum, Inc. only brings claims against ConocoPhillips Company, Plains Marketing, LP and Plains Marketing GP, Inc., but not against J. Aron & Company and BP Oil Supply Company.

10.     Plaintiff D.E. Exploration, Inc. is a Kansas corporation with its principal place of business in Kansas. Plaintiff D.E. Exploration, Inc. only brings claims against ConocoPhillips Company, Plains Marketing, LP and Plains Marketing GP, Inc., but not against J. Aron & Company and BP Oil Supply Company.

11.     Plaintiff DK Operating, Inc. is a Kansas corporation with its principal place of business in Kansas.

12.     Plaintiff Double Eagle Exploration, Inc. is a Kansas corporation with its principal place of business in Kansas.

13.     Plaintiff Drillers & Producers, Inc. is a Kansas corporation with its principal place of business in Kansas.

14.     Plaintiff Dunne Equities, Inc. is a Kansas corporation with its principal place of business in Kansas. Plaintiff Dunne Equities, Inc. only brings claims against ConocoPhillips Company, Plains Marketing, LP and Plains Marketing GP, Inc., but not against J. Aron & Company and BP Oil Supply Company.

15.     Plaintiff GRA EX, LLC is a Kansas limited liability company with its principal place of business in Kansas. Plaintiff GRA EX, LLC only brings claims against ConocoPhillips Company, Plains Marketing, LP and Plains Marketing GP, Inc., but not against J. Aron & Company and BP Oil Supply Company.

16. Plaintiff Great Plains Energy, Inc. is a Nebraska corporation with its principal place of business in Nebraska.

17. Plaintiff H I, Inc. is a Kansas corporation with its principal place of business in Kansas.

18. Plaintiff Herman L. Loeb, LLC is an Illinois limited liability company with its principal place of business in Illinois. Plaintiff Herman L. Loeb, LLC only brings claims against ConocoPhillips Company, Plains Marketing, LP and Plains Marketing GP, Inc., but not against J. Aron & Company and BP Oil Supply Company.

19. Plaintiff Hutchinson Oil Company is a Kansas sole proprietorship.

20. Plaintiff J & D Investments, LLC is a Kansas limited liability company with its principal place of business in Kansas. Plaintiff J & D Investments, LLC only brings claims against ConocoPhillips Company, Plains Marketing, LP and Plains Marketing GP, Inc., but not against J. Aron & Company and BP Oil Supply Company.

21. Plaintiff Jack Exploration, Inc. is an Oklahoma corporation with its principal place of business in Oklahoma.

22. Kahan & Associates, Inc. is an Oklahoma corporation with its principal place of business in Oklahoma.

23. Plaintiff KLM Exploration Company, Inc. is a Kansas corporation with its principal place of business in Kansas.

24. Plaintiff L & J Oil Properties, Inc. is a Kansas corporation with its principal place of business in Kansas. Plaintiff L & J Oil Properties, Inc. only brings claims against ConocoPhillips Company, Plains Marketing, LP and Plains Marketing GP, Inc., but not against J. Aron & Company and BP Oil Supply Company.

6

25.     Plaintiff Landmark Resources, Inc. is a Kansas corporation with its principal place of business in Texas. Plaintiff Landmark Resources, Inc. only brings claims against ConocoPhillips Company, Plains Marketing, LP and Plains Marketing GP, Inc., but not against J. Aron & Company and BP Oil Supply Company.

26.     Plaintiff LD Drilling, Inc. is a Kansas corporation with its principal place of business in Kansas. Plaintiff LD Drilling, Inc. only brings claims against ConocoPhillips Company, Plains Marketing, LP and Plains Marketing GP, Inc., but not against J. Aron & Company and BP Oil Supply Company.

27.     Plaintiff McCoy Petroleum Corporation is a Kansas corporation with its principal place of business in Kansas. Plaintiff McCoy Petroleum Corporation only brings claims against ConocoPhillips Company, Plains Marketing, LP and Plains Marketing GP, Inc., but not against J. Aron & Company and BP Oil Supply Company.

28.     Plaintiff McGinness Oil Company of Kansas is a Kansas corporation with its principal place of business in Kansas. Plaintiff McGinness Oil Company only brings claims against ConocoPhillips Company, Plains Marketing, LP and Plains Marketing GP, Inc., but not against J. Aron & Company and BP Oil Supply Company.

29.     Plaintiff Mid-Continent Energy Corporation is a Kansas corporation with its principal place of business in Kansas. Plaintiff Mid-Continent Energy Corporation only brings claims against ConocoPhillips Company, Plains Marketing, LP and Plains Marketing GP, Inc., but not against J. Aron & Company and BP Oil Supply Company.

30.     Plaintiff Molitor Oil, Inc. is a Kansas corporation with its principal place of business in Kansas. Plaintiff Molitor Oil, Inc. only brings claims against ConocoPhillips

7

7

Company, Plains Marketing, LP and Plains Marketing GP, Inc., but not against J. Aron & Company and BP Oil Supply Company.

31.     Plaintiff Mull Drilling Company, Inc. is a Kansas corporation with its principal place of business in Kansas.  Plaintiff Mull Drilling Company, Inc. only brings claims against Defendant ConocoPhillips Company, but not against Plains Marketing, LP, Plains Marketing GP, Inc., J. Aron & Company and BP Oil Supply Company.

32.     Plaintiff Murfin Drilling Company, Inc. is a Kansas corporation with its principal place of business in Kansas.  Plaintiff Murfin Drilling Company, Inc. only brings claims against Defendant ConocoPhillips Company, but not against Plains Marketing, LP, Plains Marketing GP, Inc., J. Aron & Company and BP Oil Supply Company.

33.     Plaintiff Musgrove Energy, Inc. is an Oklahoma corporation with its principal place of business in Oklahoma.

34.     Plaintiff Oil Company of America, Inc. is a Kansas corporation with its principal place of business in Kansas.

35.     Plaintiff Osborn Heirs Company, Ltd. is a Texas limited partnership with its principal place of business in Texas.  Plaintiff Osborn Heirs Company, Ltd. only brings claims against ConocoPhillips Company, Plains Marketing, LP and Plains Marketing GP, Inc., but not against J. Aron & Company and BP Oil Supply Company.

36.     Plaintiff Pickrell Drilling Company, Inc. is a Kansas corporation with its principal place of business in Kansas.  Plaintiff Pickrell Drilling Company, Inc. only brings claims against ConocoPhillips Company, Plains Marketing, LP and Plains Marketing GP, Inc., but not against J. Aron & Company and BP Oil Supply Company.

Dallas 306887v3

37.     Plaintiff Prolific Resources, LLC is a Kansas limited liability company with its principal place of business in Kansas.

38.     Plaintiff RAMA Operating Company, Inc. is a Kansas Corporation with its principal place of business in Kansas. Plaintiff RAMA Operating Company, Inc. only brings claims against ConocoPhillips Company, Plains Marketing, LP and Plains Marketing GP, Inc., but not against J. Aron & Company and BP Oil Supply Company.

39.     Plaintiff Randon Production Company, Inc. is a Kansas corporation with its principal place of business in Kansas.

40.     Plaintiff Red Oak Energy, Inc. is a Kansas corporation with its principal place of business in Kansas. Plaintiff Red Oak Energy, Inc. only brings claims against ConocoPhillips Company, Plains Marketing, LP and Plains Marketing GP, Inc., but not against J. Aron & Company and BP Oil Supply Company.

41.     Plaintiff Ritchie Exploration, Inc. is a Kansas corporation with its principal place of business in Kansas. Plaintiff Ritchie Exploration, Inc. only brings claims against ConocoPhillips Company, Plains Marketing, LP and Plains Marketing GP, Inc., but not against J. Aron & Company and BP Oil Supply Company.

42.     Plaintiff Ross Hoener, Inc. is a Kansas corporation with its principal place of business in Kansas.

43.     Plaintiff Seeker, LLC is an Oklahoma limited liability company with its principal place of business in Oklahoma.

44.     Plaintiff TGT Petroleum Corporation is a California corporation with its principal place of business in Kansas. Plaintiff TGT Petroleum Corporation only brings claims against

9

ConocoPhillips Company, Plains Marketing, LP and Plains Marketing GP, Inc., but not against J. Aron & Company and BP Oil Supply Company.

45.     Plaintiff Thoroughbred Associates, LLC is a Kansas limited liability company with its principal place of business in Kansas.  Plaintiff Thoroughbred Associates, LLC only brings claims against ConocoPhillips Company, Plains Marketing, LP and Plains Marketing GP, Inc., but not against J. Aron & Company and BP Oil Supply Company.

46.     Plaintiff Three-D Resources, Inc. is a Kansas corporation with its principal place of business in Kansas.

47.     Plaintiff Veenker Resources, Inc. is an Oklahoma corporation with its principal place of business located in Oklahoma.  Plaintiff Veenker Resources, Inc. only brings claims against ConocoPhillips Company, Plains Marketing, LP and Plains Marketing GP, Inc., but not against J. Aron & Company and BP Oil Supply Company.

48.     Plaintiff Vess Oil Corporation is a Kansas Corporation with its principal place of business in Kansas.  Plaintiff Vess Oil Corporation only brings claims against Defendant ConocoPhillips Company, but not against Plains Marketing, LP, Plains Marketing GP, Inc., J. Aron & Company and BP Oil Supply Company.

49.     Plaintiff Viking Resources, Inc. is a Kansas corporation with its principal place of business in Kansas.  Plaintiff Viking Resources, Inc. only brings claims against ConocoPhillips Company, Plains Marketing, LP and Plains Marketing GP, Inc., but not against J. Aron & Company and BP Oil Supply Company.

50.     Plaintiff Vincent Oil Corporation is a Kansas corporation with its principal place of business in Kansas.  Plaintiff Vincent Oil Corporation only brings claims against

10

ConocoPhillips Company, Plains Marketing, LP and Plains Marketing GP, Inc., but not against J. Aron & Company and BP Oil Supply Company.

51.     Plaintiff V.J.I. Natural Resources, Inc. is a Kansas corporation with its principal place of business in Kansas. Plaintiff V.J.I. Natural Resources, Inc. only brings claims against ConocoPhillips Company, Plains Marketing, LP and Plains Marketing GP, Inc., but not against J. Aron & Company and BP Oil Supply Company.

52.     Plaintiff W.D. Short Oil Company, LLC is a Kansas limited liability company with its principal place of business in Kansas. Plaintiff W.D. Short Oil Company, LLC only brings claims against ConocoPhillips Company, Plains Marketing, LP and Plains Marketing GP, Inc., but not against J. Aron & Company and BP Oil Supply Company.

53.     Plaintiff Wellstar Corporation is a Colorado corporation with its principal place of business in Colorado. Plaintiff Wellstar Corporation only brings claims against ConocoPhillips Company, Plains Marketing, LP and Plains Marketing GP, Inc., but not against J. Aron & Company and BP Oil Supply Company.

54.     Plaintiff White Exploration, Inc. is a Kansas corporation with its principal place of business in Kansas. Plaintiff White Exploration, Inc. only brings claims against ConocoPhillips Company, Plains Marketing, LP and Plains Marketing GP, Inc., but not against J. Aron & Company and BP Oil Supply Company.

55.     Plaintiff White Pine Petroleum Corporation is a Kansas corporation with its principal place of business in Kansas. Plaintiff White Pine Petroleum Corporation only brings claims against ConocoPhillips Company, Plains Marketing, LP and Plains Marketing GP, Inc., but not against J. Aron & Company and BP Oil Supply Company.

Dallas 306887v3

56.     Defendant J. Aron & Company, ("J. Aron"), is a New York partnership with its principal place of business in New York.

57.     Defendant BP Oil Supply Company, ("BP"), is a Delaware corporation with its principal place of business in Illinois.

58.     Defendant ConocoPhillips Company is a Delaware corporation with its principal place of business in Texas.

59.     Defendant Plains Marketing GP, Inc. is a Delaware corporation with its principal place of business in Texas.

60.     Defendant Plains Marketing, LP is a Texas limited partnership with its principal place of business in Texas.

## II. JURISDICTION AND VENUE

61.     Jurisdiction is proper in this Court as defendants are residents of the State of Kansas or are subject to jurisdiction pursuant to the provisions of K.S.A. 60-308(b)(1) and K.S.A. 60-308(b)(2), as all of the defendants maintain continuous and systematic contact within Kansas and/or either committed a tortious act within Kansas or transacted business within Kansas giving rise to this cause of action.

62.     Venue is proper pursuant to K.S.A. 60-604(1) and 60-608, as this is a judicial district in which the cause of action arose against at least one of the defendants and the claim against them composes a substantial part of this action, and thus venue is proper for all co-defendants.

## III. FACTUAL BACKGROUND

63.     Plaintiffs are the operators of numerous wells in the State of Kansas, including wells located in Pratt County, Kansas, pursuant to operating agreements with non-operating

working interest owners and pooling orders issued by state regulatory agencies. Plaintiffs are also the owners of working interests and royalty interests in crude oil and gas production for numerous wells located in the State of Kansas.

64.    As operators, Plaintiffs are generally authorized to market and sell crude oil and gas from the wells they operate attributable to and for the benefit of their own working interests and for the benefit of the non-operating interest owners and royalty interest owners. In addition, Plaintiffs own non-operating interests in numerous wells that are operated by other parties, in which Plaintiffs are entitled to their share of the sales proceeds.

65.    In the course of Plaintiffs' business, Plaintiffs entered into various agreements with SemCrude, L.P. ("SemCrude"), SemGas, L.P ("SemGas") and/or Eaglwing, L.P. ("Eaglwing"), as well as their direct and indirect subsidiaries (collectively, "SemParties"). Under these agreements, Plaintiffs agreed to sell production, principally crude oil, from the wells they operated to the SemParties. The SemParties agreed to remit payment to Plaintiffs on a monthly basis, on or before the 20th and 25th days of the month following the month of purchase.

66.    Plaintiffs sold and delivered millions of dollars worth of crude oil and gas to the SemParties from June 1 through July 21, 2008, for which Plaintiffs have not been fully paid. Plaintiffs are uncertain as to which of the Defendants sued herein are liable as to which of the Plaintiffs with respect to each of the Plaintiffs' production.

67.    Upon information and belief, Defendants were substantial purchasers of crude oil and gas from, and/or traders of crude oil and gas with, the SemParties and/or SemGroup, L.P. ("SemGroup"), which was the holding company for SemCrude, SemGas, Eaglwing, and numerous related affiliates. During the course of their business relationship, Defendants entered

into multiple agreements for the purchase, sale, and/or trading of crude oil and gas with the SemParties and/or SemGroup.

68.     In June and July 2008, the SemParties entered into numerous transactions to deliver millions of dollars worth of crude oil and gas to Defendants that had been produced by Plaintiffs. Defendants never tendered full payment to the SemParties, SemGroup or Plaintiffs for the delivery of the crude oil and gas.

69.     Plaintiffs have filed this lawsuit against Defendants in order to recover the full amount of the proceeds for the crude oil and gas that was delivered to Defendants. Pursuant to the laws of the State of Kansas, Plaintiffs hold, among other things, valid, perfected security interests and liens in the crude oil and gas that was produced and all resulting proceeds or benefits that have accrued to Defendants.

### The SemParties Bankruptcy

70.     On July 22, 2008, SemCrude and Eaglwing, along with the other related SemParties, filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court"). On July 23, 2008, the Bankruptcy Court entered an order directing the joint administration of the Chapter 11 SemParties bankruptcy cases under Case No. 08-11525. On October 28, 2009, the Bankruptcy Court confirmed the Debtors' Fourth Amended Joint Plan of Reorganization ("Confirmation Order") and the SemParties emerged from bankruptcy.

### Settlements with the SemParties

71.     Prior to confirmation of the Fourth Amended Plan, the SemParties, their Banks and certain of the Defendants entered into settlements with respect to the SemParties' claims against Defendants. Under the terms of these settlements, these Defendants paid only a portion

14

of the money they owed to the SemParties for their purchases of crude oil and gas. The remaining Defendants have not made any payments for the crude oil and gas they received that was produced by Plaintiffs.

72.     A settlement also was reached between the SemParties, their Banks and the Plaintiffs with respect to Plaintiffs' claims against the SemParties. Under the terms of this settlement, Plaintiffs received only a partial payment for the crude oil and gas that was sold to the SemParties. The settlement generally included payment for the Plaintiffs' crude oil and gas that was delivered to the SemParties within twenty days of the bankruptcy filing.

73.     No settlement was ever reached between Plaintiffs and Defendants. The Bankruptcy Court's Confirmation Order expressly preserved Plaintiffs' claims against Defendants for the amounts that Defendants have failed to pay for their purchases of oil from the SemParties that was produced by Plaintiffs.

### Defendants' Failure to Pay

74.     Contrary to the laws of the State of Kansas, Defendants did not pay Plaintiffs the amount owed for the crude oil and gas they purchased from the SemParties that was produced by Plaintiffs. Instead, Defendants setoff millions of dollars that they were obligated to pay against other contractual obligations of the SemParties to Defendants.

75.     Pursuant to Kansas law, Plaintiffs, as well as other Producers, hold valid, perfected security interests and liens on all crude oil and gas produced, sold and delivered to the SemParties in June and July 2008. These valid, perfected security interests and liens extend to all proceeds or benefits resulting from the SemParties' sale or trade of the crude oil and gas to Defendants. The SemParties' sale or trade of the crude oil and gas does not terminate Plaintiffs' valid, perfected security interests and liens.

15

76.     The perfected security interests, liens and other legal and equitable rights provided to Plaintiffs, as well as other Producers, under Kansas law cannot be defeated, diminished, or otherwise impaired by any holder of the crude oil and gas or the resulting proceeds.

77.     Defendants cannot avoid liability to Plaintiffs by setting off the value of the crude oil and gas delivered that is the subject of Plaintiffs' perfected security interests and liens against other contractual obligations or otherwise.

78.     Despite such prohibition, Defendants continue to unlawfully possess the crude oil and gas produced by Plaintiffs and/or the resulting proceeds and are using the same to their sole benefit. This is in spite of the fact that Defendants have yet to make full payment to Plaintiffs for the crude oil and gas that was delivered.

79.     Defendants are sophisticated purchasers of crude oil and gas in the marketplace and were fully knowledgeable of the perfected security interests and liens held by Plaintiffs in the crude oil and gas delivered to Defendants.

80.     Defendants were well aware that the crude oil and gas delivered by the SemParties to Defendants was produced by Plaintiffs.

81.     The laws of the State of Kansas prohibit Defendants from setting off other contractual obligations or otherwise owed by the SemParties against the amounts Defendants are obligated to pay for the crude oil and gas.

82.     Upon information and belief, Defendants setoff the payments due for the crude oil and gas delivered knowing that SemCrude would not be able to satisfy its other obligations to Defendants. As a result of this setoff, Defendants knew that Plaintiffs would not be paid for the crude oil and gas that they produced.

16

83. Defendants intentionally interfered with Plaintiffs' contracts and wrongfully converted Plaintiffs' crude oil and gas, the resulting proceeds and/or the security interests therein when they setoff the value of the crude oil and gas delivered.

84. Plaintiffs have been directly harmed as a result of Defendants' failure to pay. Plaintiffs have not been paid in full for the crude oil and gas that was produced and delivered to Defendants.

85. Pursuant to the laws of the State of Kansas, Defendants are liable for the damages they have caused to Plaintiffs.

## J. Aron's Conspiracies Against Plaintiffs

86. Upon information and belief, Defendant J. Aron took possession of Plaintiffs' crude oil and gas from the SemParties and SemGroup with no intention of paying for it. Moreover, upon information and belief, J. Aron did this pursuant to an understanding or agreement with the SemParties and SemGroup that they would satisfy their other contractual obligations to J. Aron by delivering Plaintiffs' crude oil and gas without J. Aron having to pay the SemParties for the crude oil and gas produced by Plaintiffs.

87. Defendant J. Aron knew about the SemParties' and SemGroup's poor financial health before their bankruptcy filing, and understood that they would be unable to pay the amounts owed to J. Aron under their other contractual obligations.

88. Defendant J. Aron and its parent company, Goldman Sachs, were privy to this inside financial information because J. Aron and/or Goldman Sachs acted as the SemParties' and/or SemGroup's investment banker, offering agent, lender and trading partner. Upon information and belief, Goldman Sachs and J. Aron shared information relating to the SemParties and SemGroup with each other. Through their various relationships with the

17

SemParties and SemGroup, J. Aron and Goldman Sachs gained access to confidential financial information, which J. Aron then used to its own advantage.

89.     In mid-2007, the SemParties and SemGroup opened a trading account with J. Aron. At approximately the same time, Goldman Sachs created a so-called "Coverage Team" for the SemParties and SemGroup, which, among other things, sought to assist the SemParties and SemGroup in raising capital.

90.     In November 2007, Goldman Sachs became a participant in SemGroup's credit facility.

91.     The following month, in December 2007, Goldman Sachs became further involved when it began negotiations with SemGroup for a private equity offering (which was called a "144A offering"). Pursuant to the negotiations for the private equity offering, Goldman Sachs began conducting extensive due diligence on the financial health of SemGroup as early as December 2007.

92.     A team from Goldman Sachs traveled to Tulsa, Oklahoma on January 16, 2008, in order to meet with the SemParties' and SemGroup's personnel and their counsel. As part of the private equity offering and in their other interactions wit the SemParties and SemGroup, Goldman Sachs, J. Aron and their affiliates gained access to the SemParties' and SemGroup's confidential business records, its senior staff, and its proprietary trading book.

93.     By leveraging their various relationships with the SemParties and SemGroup, Goldman Sachs, through its subsidiary J. Aron, began conducting various transactions with the SemParties and SemGroup in which J. Aron purchased crude oil and gas and helped the SemParties and SemGroup to hedge their stored product. Throughout the first half of 2008, these transactions continued on a consistent basis with the SemParties and SemGroup moving

18

more and more of their New York Mercantile Exchange ("NYMEX") positions to J. Aron. Eventually, the SemParties and SemGroup were hedging all of their stored products with J. Aron.

94. The SemParties and SemGroup were executing a large volume of option trades (rolling options that were "out-of-the-money") in the first quarter of 2008. In the course of managing their residual positions, the SemParties and SemGroup moved their options trading positions from NYMEX to J. Aron as well.

95. Upon information and belief, by the spring of 2008, analysis undertaken by Goldman Sachs and J. Aron on the financial health of the SemParties and SemGroup revealed that the companies were facing serious liquidity and credit constraints.

96. By May 2008, the continued rise of crude oil and gas prices had resulted in significant margin increases on the outstanding options contracts held by the SemParties and SemGroup. On May 21, 2008, J. Aron contacted the SemParties and SemGroup and advised them to expect a margin call of approximately $80 to $100 million. The SemParties and SemGroup suggested that J. Aron buy more crude oil and gas in order to offset the payment owed by the SemParties and SemGroup. J. Aron countered with an offer to purchase additional crude oil and gas in the future, but stated that the funds from those sales would be placed in a collateral account.

97. The SemParties and SemGroup resisted J. Aron's counteroffer at first, because it would restrict the SemParties' and SemGroup' use of the proceeds from the crude oil and gas sales. The SemParties and SemGroup, however, ultimately acquiesced to J. Aron's counteroffer because they had no other option. This required the SemParties and SemGroup to make massive purchases of crude oil and gas from the Plaintiffs for the benefit of J. Aron's collateral positions.

Neither the SemParties nor SemGroup had cash available to pay for these crude oil and gas purchases.

98.    The transactions were papered as a sale and purchase between SemGroup and J. Aron, but SemGroup, as the holding company, never directly sold crude oil and gas to anyone. Instead, the actual crude oil and gas sale came from the SemParties.

99.    Due to Goldman Sachs' and J. Aron's insider knowledge of the SemParties' and SemGroup's poor financial health, J. Aron knew that the transactions with the SemParties and SemGroup would require significant deliveries of Plaintiffs' crude oil and gas for which the Plaintiffs would never be paid. Moreover, because the payment from SemGroup to Plaintiffs would not be due for approximately 50 days from the date of sale (per standard industry practice), J. Aron knew that it would receive the crude oil and gas and be able to offset the SemParties' and SemGroup's outstanding balances before any bankruptcy filing occurred.

100.    And this is exactly what occurred. Upon information and belief, Defendant J. Aron took possession of Plaintiffs' crude oil and gas pursuant to an understanding and/or agreement with the SemParties and SemGroup that J. Aron would not have to pay the SemParties for the crude oil and gas produced by Plaintiffs.

101.    Upon information and belief, J. Aron significantly increased its purchase of crude oil and gas from the SemParties and SemGroup in the months immediately preceding the bankruptcy filing in order to setoff the money owed by the SemParties and SemGroup on the other financial contracts. J. Aron's crude oil and gas purchase by volume in June 2008 (the month before the bankruptcy filing) was the largest volume of crude oil and gas purchased by J. Aron from the SemParties for that year.

102.     On July 17, 2008, J. Aron made demand for adequate assurance threatening to call a default.  On July 21, 2008, J. Aron notified SemGroup that it was in default, and that J. Aron would liquidate the trading positions between the two parties.  The letter sounded the death-knell of the SemParties and SemGroup as J. Aron began foreclosing on the crude oil that had been produced by Plaintiffs -- without tendering cash payment.  J. Aron's liquidation of positions between the parties completely ignored the fact that Plaintiffs are entitled to valid, perfected security interests, liens, constructive trusts and/or resulting trusts on all crude oil produced, sold and delivered to the SemParties in June and July 2008.

103.     No payment in full was ever made by J. Aron to the SemParties, SemGroup or Plaintiffs.

## BP's Conspiracies Against Plaintiffs

104.     Upon information and belief, Defendant BP also took possession of Plaintiffs' crude oil and gas from the SemParties and SemGroup with no intention of paying for it. Moreover, upon information and belief, BP did this pursuant to an understanding or agreement with the SemParties and SemGroup that they would satisfy their other contractual obligations to BP by delivering Plaintiffs' crude oil and gas without BP ever tendering payment.

105.     BP entered into an agreement with the SemParties in April 2008 that would allow BP to take possession of crude oil and gas produced by Plaintiffs without payment.

106.     Upon information and belief, BP and the SemParties entered into this agreement because the SemParties owed BP significant amounts of money on other financial contracts. Due to the SemParties' precarious financial condition in the spring of 2008, BP agreed to accept crude oil and gas from the SemParties in satisfaction of the money owed on the other financial contracts.

21

107.	Upon information and belief, BP significantly increased its purchase of crude oil and gas from the SemParties in the months immediately preceding the bankruptcy filing in order to setoff the money owed by the SemParties on the other financial contracts.  BP's crude oil and gas purchase by volume in June 2008 from the SemParties increased by approximately three-fold from the previous month of May 2008; BP's crude oil and gas purchases by volume in July 2008 increased by approximately four-fold from May 2008.

108.	Through this setoff scheme, BP was able to take possession of large quantities of crude oil and gas produced by Plaintiffs without ever tendering payment to either the SemParties or Plaintiffs.

* * * *

109.	Both Defendants BP and J. Aron setoff the value of the crude oil and gas delivered by the SemParties and/or SemGroup against the amounts owed on other contractual obligations.  As a result of this setoff, Plaintiffs have never been fully compensated for the value of the crude oil and gas that was delivered to Defendants BP and J. Aron.

110.	Plaintiffs were directly harmed as a result of Defendants BP and J. Aron's conspiracies with the SemParties and SemGroup.  Pursuant to the laws of the State of Kansas, Defendants are liable for the damages they have caused to Plaintiffs.

## IV. FIRST CLAIM FOR RELIEF

### First Claim for Relief:
### Kansas Oil and Gas Lien Statute - K.S.A. § 84-9-339a
### (Against All Defendants)

111.	Plaintiffs incorporate the allegations contained in paragraphs 1 through 109 above, as though fully set forth herein.

112.    The Kansas Oil and Gas Lien Statute, K.S.A. § 84-9-339a, provides that:

> This section provides a security interest in favor of interest owners (as secured parties) to secure the obligations of the first purchaser of oil and gas production (as debtor) to pay the purchase price . . . The security interests and liens created by this section have priority over bona fide purchasers (transferees in bulk and other buyers not in the ordinary course) . . ..

113.    Plaintiffs are interest owners who, pursuant to the Kansas Lien Statute, have "security interests and liens" with "priority over . . . buyers not in the ordinary course" of the first purchaser's business. Defendants, who setoff their purchases, did not buy oil from the first purchaser, the SemParties, in the ordinary course of business.

114.    As a direct and proximate cause and result of the wrongful acts of Defendants, Plaintiffs have suffered damages in an amount to be proven at trial. Plaintiffs seek to foreclose the security interests granted by K.S.A. § 84-9-339a in order to recover their damages to the fullest extent allowable by law. Plaintiffs also seek all recoverable interest under the laws of the State of Kansas.

### Second Claim for Relief: Conversion
### (Against All Defendants)

115.    Plaintiffs incorporate the allegations contained in paragraphs 1 through 113 above, as though fully set forth herein.

116.    Plaintiffs possessed and/or owned crude oil and gas that was extracted and produced from wells owned and/or operated by Plaintiffs in Kansas. The crude oil and gas, the resulting proceeds and the security interests therein were the personal property of Plaintiffs.

117.    Defendants wrongfully exercised the right of ownership over the crude oil and gas, the resulting proceeds and/or the security interests therein to the exclusion of Plaintiffs' lawful rights.

Dallas 306887v3

118.     As a result of Defendants' conversion of Plaintiffs' crude oil and gas, the resulting proceeds and/or the security interests therein, Plaintiffs have suffered damages in an amount to be determined at trial.

### Third Claim for Relief: Tortious Interference with Contract
### (Against All Defendants)

119.     Plaintiffs incorporate the allegations contained in paragraphs 1 through 117 above, as though fully set forth herein.

120.     Plaintiffs entered into valid contracts with the SemParties for the sale and delivery of Plaintiffs' crude oil and gas.  Pursuant to these contracts, the SemParties were contractually obligated to make full and complete payment to Plaintiffs for the crude oil and gas that was delivered.  Defendants were not a party to these contracts.

121.     Upon information and belief, Defendants knew of the contracts that had been entered into by Plaintiffs and the SemParties.

122.     Defendants maliciously and wrongfully interfered with Plaintiffs' contracts with the SemParties, thereby intentionally procuring their breach.

123.     Defendants' interference with these contracts was in no way justified or excusable.

124.     As a direct and proximate cause and result of the interference by Defendants, Plaintiffs have suffered damages in an amount to be proven at trial.

Dallas 306887v3

## Fourth Claim for Relief: Quantum Meruit and Unjust Enrichment
### (Against All Defendants)

125.    Plaintiffs incorporate the allegations contained in paragraphs 1 through 123 above, as though fully set forth herein.

126.    Plaintiffs conferred a benefit upon Defendants by providing crude oil and gas to Defendants through the SemParties.

127.    Defendants knew the benefit they were receiving when they accepted the crude oil and gas, but have never fully compensated Plaintiffs for this benefit.

128.    Defendants' failure to pay for the production is both inequitable and unjust, and Defendants are required to make restitution to Plaintiffs for the benefit that they have received.

## Fifth Claim for Relief: Accounting
### (Against All Defendants)

129.    Plaintiffs incorporate the allegations contained in paragraphs 1 through 127 above, as though fully set forth herein.

130.    The exact amount owed by each Defendant is undetermined and unknown to Plaintiffs.  The information required to determine the amount owed is available to Defendants. Plaintiffs have no adequate remedy at law because the computation of the amounts owed would require the extraction of relevant information from Defendants' voluminous financial records and would be exceedingly complex for Plaintiffs, but not for Defendants.

131.    For these reasons, Plaintiffs request a full accounting of Defendants' purchases and subsequent sales of the crude oil and gas produced by Plaintiffs in Kansas, as well as the location, amount, and character of all proceeds derived therefrom by Defendants.

Dallas 306887v3

### Sixth Claim for Relief: Conspiracy to Commit Fraud
### (Against J. Aron and BP)

132.     Plaintiffs incorporate the allegations contained in paragraphs 1 through 130 above, as though fully set forth herein.

133.     Defendants J. Aron and BP each separately entered into a combination with the SemParties.  The object of the combinations was to defraud Plaintiffs by allowing Defendants J. Aron and BP to take unlawful possession of the Plaintiffs' crude oil and gas, the resulting proceeds and/or the security interests therein without paying for the production.

134.     Defendant J. Aron and BP each separately had a meeting of the minds with the SemParties upon this course of action.

135.     The SemParties accepted crude oil and gas from Plaintiffs and then delivered the production to Defendants J. Aron and BP.  Plaintiffs never received full payment for the crude oil and gas from either the SemParties or Defendants J. Aron and BP.

136.     Plaintiffs have suffered damages as a direct and proximate cause and result of Defendants J. Aron and BP's conspiracies with the SemParties in an amount to be proven at trial.

### Seventh Claim for Relief: Aiding and Abetting Fraud
### (Against J. Aron and BP)

137.     Plaintiffs incorporate the allegations contained in paragraphs 1 through 135 above, as though fully set forth herein.

138.     Defendants J. Aron and BP each separately aided and abetted the SemParties in defrauding Plaintiffs by allowing Defendants J. Aron and BP to take unlawful possession of the Plaintiffs' crude oil and gas, the resulting proceeds and/or the security interests therein without payment.

Dallas 306887v3

139.    The SemParties accepted crude oil and gas from Plaintiffs and then delivered the production to Defendants J. Aron and BP.

140.    By accepting the crude oil and gas from the SemParties without payment, Defendants J. Aron and BP were aware of their role in defrauding Plaintiffs, and knowingly and substantially assisted the SemParties in perpetrating this fraud.

141.    Plaintiffs never received full payment for the crude oil and gas from either the SemParties or Defendants J. Aron and BP.

142.    Plaintiffs have suffered damages as a direct and proximate cause and result of Defendants J. Aron and BP aiding and abetting the SemParties in defrauding Plaintiffs in an amount to be proven at trial.

### Eighth Claim for Relief: Conspiracy to Commit Conversion
### (Against J. Aron and BP)

143.    Plaintiffs incorporate the allegations contained in paragraphs 1 through 141 above, as though fully set forth herein.

144.    Defendants J. Aron and BP each separately entered into a combination with the SemParties. The object of the combination was to convert and unlawfully retain Plaintiffs' crude oil and gas, the resulting proceeds and/or the security interests therein without paying for the production.

145.    Defendants J. Aron and BP each separately had a meeting of the minds with the SemParties upon this course of action.

146.    The SemParties accepted crude oil and gas from Plaintiffs and then delivered it to Defendants J. Aron and BP. Plaintiffs never received full payment for the crude oil and gas from either the SemParties or Defendants J. Aron and BP.

27

147. Plaintiffs have suffered damages as a direct and proximate cause and result of Defendants J. Aron and BP's conspiracies with the SemParties in an amount to be proven at trial.

## Ninth Claim for Relief: Aiding and Abetting Conversion
### (Against J. Aron and BP)

148. Plaintiffs incorporate the allegations contained in paragraphs 1 through 146 above, as though fully set forth herein.

149. Defendants J. Aron and BP each separately aided and abetted the SemParties in converting Plaintiffs' crude oil and gas, the resulting proceeds and/or the security interests therein without paying for the production.

150. The SemParties accepted crude oil and gas from Plaintiffs and then delivered the Plaintiffs' production to Defendants J. Aron and BP.

151. By accepting the crude oil and gas from the SemParties without payment, Defendants J. Aron and BP were aware of their role in converting Plaintiffs' crude oil and gas, the resulting proceeds and/or the security interests therein, and knowingly and substantially assisted the SemParties in perpetrating this illegal act.

152. Plaintiffs never received full payment for the crude oil and gas from either the SemParties or Defendants J. Aron and BP.

153. Plaintiffs have suffered damages as a direct and proximate cause and result of Defendants J. Aron and BP aiding and abetting the SemParties in converting Plaintiffs' crude oil and gas in an amount to be proven at trial.

WHEREFORE, based upon all of the foregoing claims, it is appropriate that the Court enter judgment in favor of Plaintiffs and against Defendants in an amount in excess of $75,000 in the following particulars:

a. That Plaintiffs be entitled to foreclose on the security interests granted under the Kansas Oil and Gas Lien Statute, K.S.A. § 84-9-339a and thereby recover damages from all Defendants;

b. That Plaintiffs be entitled to recover damages from all Defendants for the claims of conversion and tortious interference with contract;

c. That Plaintiffs be entitled to equitable relief in the form of restitution for the claim of Quantum Meruit and unjust enrichment;

d. That Plaintiffs be entitled to an accounting from all Defendants;

e. That Plaintiffs be entitled to recover damages from Defendants J. Aron and BP for the claims of conspiracy to commit fraud, aiding and abetting fraud; conspiracy to commit conversion, and aiding and abetting conversion;

f. That Plaintiffs be entitled to recover expenses and other costs of collection; and

g. For such other and further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiffs respectfully request a jury trial of all issues in this action so triable.

Dated: August 27, 2010
Wilmington, Delaware

Respectfully submitted,

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: /s/ Karen M. Grivner
Norman L. Pernick (No. 2290)
Karen M. Grivner (No. 4372)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131

-and-

MCKOOL SMITH, P.C.

Peter S. Goodman
Kyle A. Lonergan
One Bryant Park, 47th Floor
New York, NY 10036
Telephone: (212) 402-9400
Facsimile: (212) 402-9444

-and-

Hugh Ray
Basil Umari
600 Travis Street, Suite 7000
Houston, TX 77002
Telephone: (713) 485-7300
Facsimile: (713) 485-7344

*Counsel for Plaintiffs*

Dallas 306887v3